*E-Filed 7/16/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARRY S. JAMESON, | No. C 14-0011 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| C. YOUNG, et al., | |
| Defendants. | |

# INTRODUCTION

In this federal civil rights action brought under 42 U.S.C. § 1983, plaintiff, a state prisoner proceedings pro se, claims that his jailors at San Quentin Prison violated his First Amendment and due process rights by withholding his incoming mail. Defendants move for summary judgment. (Docket No. 16.) For the reasons stated herein, the motion is GRANTED in favor of all defendants as to all claims.

# BACKGROUND

The following factual allegations are undisputed unless specifically noted otherwise. In 2013, plaintiff was denied his issue of *American Curves* magazine by San Quentin Correctional Officer Pasley. (Defs.' Mot. for Summ. J. ("MSJ") at 2, Pasley Decl. ¶ 2.)

After inspecting the magazine when it arrived at the prison, Pasley deemed the magazine as contraband because it contained sexually explicit images in violation of prison rules. (*Id*. at 2, Pasley Decl. ¶ 6.) Pursuant to prison policy, she completed a CDCR Form 1819, entitled "Notification of Disapproval — Mail/Packages/ Publications." (*Id*. at 2–3, Pasley Decl. ¶ 6, Ex. A.) Facility Captain Young agreed with Pasley's determination and signed the 1819 form, a copy of which was sent to plaintiff. (*Id*. at 2–4, Lile Decl. ¶ 5, Ex. A.) After receiving the 1819 form, plaintiff filed an inmate grievance through a 602 form, which was given the log number SQ 13-02015. (Reply at 2; MSJ, Maiorino Decl., Ex. D.)

His grievance was rejected before reaching the final levels of review and returned to him. (MSJ at 4; Davis Decl. ¶ 8; Ex. B.) Appeals Coordinator Davis informed plaintiff by letter that the appeal was rejected because plaintiff failed to file a CDCR Form 22[1] and because the 602 was defaced or contaminated with physical/organic objects or samples in violation of California Code of Regulations, title 15, § 3084.6(b)(4). (MSJ, Davis Decl. ¶ 8.) Davis's letter instructed plaintiff to submit a CDCR Form 22 to his counselor for review before submitting an appeal to the inmate appeals' office. (*Id*.) He further told plaintiff that if he needed more time to complete Form 22, he could simply resubmit his appeal to the inmate appeals' office along with Davis's letter. (*Id*.) After receiving this letter, plaintiff never submitted a completed CDCR Form 22 concerning his allegation that he was improperly denied *American Curves*. (*Id*. at 5, Lile Decl. ¶ 7.) Nor did he comply with Davis's instructions on how to resubmit his inmate appeal. (*Id*. at 4, Davis Decl. ¶ 9.)

Plaintiff asserts that he did exhaust his administrative remedies. On July 5, 2013, the same day that he received the 1819 form, plaintiff filed an inmate 602 appeal form regarding the withholding of *American Curves*. (Opp. at 4.) In August, after waiting at least 30 days for a response to his appeal, he sent a letter to Warden Chappell with a copy of the appeal

---

[1] CDCR Form 22 facilitates communication between staff and inmates by providing a means for making routine written requests at the initial stages of the appeal process. (MSJ at 4, Davis Decl. ¶ 7.)

attached. (*Id*. at 6.) The letter advised Chappell that he had "no idea where the original appeal was." (*Id*.) He then sent another letter to both Chappell and the appeals office informing them that he still had not received a response to his appeal. (*Id*.) He also sent another letter directly to the third level of review explaining to them that the appeals staff and Chappell were refusing to allow him to appeal or to respond to any of his letters. (*Id*.) Each time defendants refused to answer or process his administrative appeal he systematically submitted the appeal at each level. (*Id*. at 9.) When his appeal would not be processed as he wished, plaintiff filed suit in state court, which was removed to this Court. (*Id*. at 2, 12.) Plaintiff contends that his 602 was never processed at the first level and that he never received a letter from Davis (or anyone else) with instructions on how to resubmit his grievance. (*Id.* at 6.)

In his suit, plaintiff alleges that defendants violated his First Amendment and due process rights when they withheld his magazine. Defendants move for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before filing this suit; he was properly denied access to *American Curves*; and that his due process rights were not violated because he was given notice and an opportunity to be heard.

## DISCUSSION

### I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where

the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

The Court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II.    Exhaustion

Defendants move for summary judgment because the plaintiff failed to exhaust his administrative remedies before filing this suit. Plaintiff filed one inmate appeal, Log No. SQ 13-02015[2], regarding the withholding of *American Curves*. (MSJ, Maiorino Decl., Ex. D.) As noted above, it is undisputed that the appeal was rejected because it failed to comply with prison procedures, that Davis instructed plaintiff on how to submit a proper and timely appeal, that plaintiff failed to follow Davis's instructions.

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[2] Plaintiff contends that inmate appeal Log. No. SQ 13-02015 was falsely labeled by prison officials as a mailroom appeal, when in fact it was an appeal involving a counselor. (Opp. at 7.) The record flatly contradicts this contention. In Inmate Appeal Log. No. SQ 13-02015, plaintiff declares that he is contesting the withholding of *American Curves*, the deprivation of which he was informed of in July 2013 through a Form 1819. (MSJ, Maiorino Decl., Ex. D at 3.)

42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA exhaustion requirement mandates "proper exhaustion" of all available administrative remedies. *Id.* at 93.

The State of California provides its prisoners the right to appeal administratively "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, submitted on a CDC 602 inmate appeal form; (2) first formal level appeal, to an institution appeals coordinator; (3) second formal level appeal, to the institution warden; and (4) third formal level appeal, to the Director of the CDCR. *See id.* § 3084.7; *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009).

Defendants have presented evidence that plaintiff failed to exhaust his administrative remedies prior to filing this suit. They assert that his appeal was rejected, that plaintiff was provided instructions on how to complete exhaustion properly, and that he nonetheless failed to comply with those instructions. Plaintiff contends, however, that his grievance was never processed at the first-level, and that he therefore had to submit the grievance separately to the higher reviewers.

Plaintiff's assertion is undercut by his own documents. In a letter dated July 2013 with the heading "RE: Screening at the FIRST Level," plaintiff was told by the higher reviewers that his appeal was being rejected because he failed to file a Form 22 and because his grievance was defaced — the same reasons given by Davis in his letter. (Opp., Ex. D.) Even if plaintiff did not receive Davis's letter (or other indication from a first-level reviewer that his 602 was being rejected), he was given notice that his first-level and second-level grievances failed to comply with prison regulations. There is no assertion or evidence that plaintiff complied with these clear instructions and resubmitted any first-level grievance

1 regarding the withholding of the magazine.  In sum, he did not exhaust his claim prior to
2 filing suit.

3     Plaintiff counters that if he did not exhaust his remedies, then the futility doctrine
4 should apply.  He contends that it would have been futile to proceed because "[p]rison
5 officials would not process [his grievance], let alone answer it."  (Opp. at 11–12.)  Such
6 conclusory speculation is not evidence that use of the grievance process would have been
7 futile in this instance.  Also, his assertion is undercut by his own insistence on his continued
8 (and improper) refiling of his rejected appeal.  If he regarded the process as futile, it is
9 unlikely that he would have continued to use it.

10     Defendants, then, have presented evidence, which plaintiff has not disputed
11 successfully, that plaintiff failed to exhaust his administrative remedies.  His repeated refiling
12 of a rejected grievance without complying with procedures does not constitute proper
13 exhaustion.  The prison's requirements define the boundaries of proper exhaustion.  *Jones v.*
14 *Bock*, 127 S. Ct. 910, 923 (2007).  A grievant must use all steps the prison holds out,
15 enabling the prison to reach the merits of the issue.  *Ngo*, 548 U.S. at 90.  The undisputed
16 facts show that he failed to comply with these requirements.

17     Plaintiff has not shown evidence that precludes summary judgment.  Accordingly,
18 defendants' motion for summary judgment is GRANTED on grounds that plaintiff failed to
19 exhaust his administrative remedies.  Even if plaintiff had exhausted his claims, they would
20 fail on the merits, as explained below.

21 **III.**    **First Amendment**

22     Defendants move for summary judgment on plaintiff's First Amendment claims,
23 arguing that it was proper to withhold *American Curves* because it contained images deemed
24 inappropriate by prison regulation.  Plaintiff contends that defendants' application of the
25 regulation in this instance violated his First Amendment rights, <u>not</u> that the regulation itself is
26 unconstitutional. (Opp. at 15–16.)  He asserts that the images, which he has never seen,
27 could not be classified properly as sexually explicit because the females in the images wore
28

lingerie that covered any objectionable body parts. (*Id.*)  As noted above, defendants have presented evidence that Pasley and Young observed the models' breasts and was able to see her/their nipple/areola areas through the fabric.  (Reply at 4, Pasely Decl. ¶ 6.)

While prisoners have a First Amendment right to send and receive mail, *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995), that right is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interest, *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)).  Inmates are barred from possessing material that is obscene and sexually explicit.  Cal. Code Reg. tit. 15, § 3006.  Sexually explicit material is defined as material that shows frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender.  *Id.* § 3006(c) (17)(A).

Summary judgment will be granted in favor of the defendants.  Two defendants, Pasley and Young, both reviewed the images and deemed them to contain sexually explicit material because the females' breasts were visible through the "sheer fabric" they were wearing.  Plaintiff, having never viewed the images, has no basis to dispute the factual finding of sexually explicit material.  He has not, in other words, presented evidence that precludes summary judgment.  Accordingly, defendants' motion for summary judgment is GRANTED in favor of defendants on plaintiff's First Amendment claims.

## IV.  Due Process

Plaintiff alleges that defendants violated his due process rights when Warden Chappell failed personally to respond to his letter regarding his appeal. (Opp. at 17).  He concedes, however, that he received notice of the confiscation of *American Curves*, and filed an appeal directly relating to it on the date he received notice of the confiscation from the mailroom via a photocopy of a CDCR 1819 Notification.  (Opp., Jameson Decl. at 5.)  Defendants move for summary judgment on the grounds that plaintiff received all the process that was due because he was given notice and an opportunity to respond.

The fundamental requirements of procedural due process are notice and an opportunity to be heard before the government may deprive a person of a protected liberty or property interest. *Mathews v. Eldridge*, 424 U.S. 319, 33 (1976). With respect to the personal property of prisoners, this is all that due process requires. (*See generally Wolff v. Mcdonnell,* 418 U.S. 539, 556 (1974).

As noted above, California prisons offer prisoners an opportunity to appeal "any policy, decision, action, condition, or omission by the [CDCR] or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 CCR § 3084.1(a). This allows every prisoner the opportunity to have his voice and opinion heard.

Summary judgment will be granted in favor of the defendants. It is undisputed that plaintiff received notice that *American Curves* had been confiscated as contraband, and had (and used) his opportunity to file an appeal. Despite filing his appeal incorrectly, Davis provided plaintiff with another opportunity to refile his appeal. Because the plaintiff was given notice and an opportunity to be heard, plaintiff's due process rights were not violated. *Brewster v. Bd. of Educ. of Lynnwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998). Accordingly, summary judgment is GRANTED in favor of the defendants as to all claims.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 16) is GRANTED in favor of all defendants as to all claims. The Clerk shall enter judgment in favor of Chappell, Captain Young, and Officer Pasely, terminate Docket No. 16, and close the file.

**IT IS SO ORDERED**.

DATED: July 16, 2015

_____
RICHARD SEEBORG
United States District Judge